IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN NATALE and RICHARD, NATALE,<br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>    Defendant. | CIVIL NO.: 3:15-cv-0808<br><br>Magistrate Judge Saporito<br><br>FILED<br>WILKES BARRE<br>JUN 2 4 2016<br>Per _____ ms |

## MEMORANDUM

On June 20, 2016, we ruled (Doc. 40) in part on the plaintiffs' motion to compel depositions and discovery (Doc. 28). The remaining issue involves a portion of the defendant's redacted claims log. The defendant provided the entire claims log to plaintiffs' counsel with redactions. The plaintiffs requested that the defendant provide it with the unredacted "store version" on page 3 of 35 of the claims record. Under paragraph 3 of our Order (Doc. 40 ¶3), defense counsel timely provided the court with redacted and unredacted copies of the defendant's "store version" of the incident as well as the entire claims record for our *in camera* review. The court has reviewed the claims log in both redacted and unredacted formats and considered the parties' positions with regard to the contested information requested. This dispute is ripe for disposition.

I. <u>Background</u>

We write primarily for the parties, thus we only set forth the following details to explain our reasoning. This case arises out of an incident that occurred on May 8, 2013, while plaintiff, Joan Natale, was walking in aisle 20 of Wal-Mart located in East Stroudsburg, Pennsylvania when Wal-Mart's assistant manager caused heavy boxes to fall off the back of an L-Cart and into the back of plaintiff's legs. Plaintiffs have alleged that Joan Natale sustained severe and permanent injuries as a result thereof.

The plaintiffs filed a motion to compel depositions and discovery (Doc. 28) which we resolved, in part, through by our Order dated June 20, 2016. (Doc. 40). Still in dispute is the plaintiffs' request for the defendant's unredacted "store version" of the incident set forth on page 3 of 35 of the claims log. The plaintiffs have requested that they receive the "store version" entry without redaction and made no other requests. In order to assist us in reaching our decision, we reviewed the entire claims log sent to us by defense counsel in both redacted and unredacted formats.

II.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides for a broad scope of discovery, recognizing that the "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." <u>Hickman v. Taylor</u>, 329 U.S. 495, 507–08 (1947). Accordingly, under this rule, relevance is broader than admissibility at trial, in the sense that "Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1)). Although the discovery rules should generally be given broad and liberal treatment, these rules, like all of the Federal Rules of Civil Procedure, are subject to the overarching philosophy of Rule 1 that they "be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In keeping with this instruction, the relevance requirement of Rule 26(b)(1) must be "firmly applied." <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979). Relevance is defined in Rule 401 of the Federal Rules of Evidence, which states that "relevant evidence" is evidence having "any tendency to make [the existence of] a fact [that is of consequence to the determination of the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401.

3

III. Discussion

The defendant redacted portions of the claims file which include the claims adjusters' impressions, conclusions, and opinions. Mental impressions and opinions of a party and its agents are not generally protected by the work product doctrine unless they are prepared in anticipation of litigation. See Safeguard Lighting Sys., Inc. v. North Am. Specialty Ins. Co., Civ. No. 03–cv–4145, 2004 WL 3037947, *2 (E.D.Pa. Dec.30, 2004) (citing United States v. Nobles, 422 U.S. 225, 238 (1975)). To that end, "work product prepared in the ordinary course of business is not immune from discovery." Id. (citing Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir.2000)). Thus, as stated by this court in Keefer v. Erie Ins. Exch., Civ. No. 13–cv–1938, 2014 WL 901123 *4 (M.D.Pa. Mar. 7, 2014), the gravamen of a claim of work product protection necessarily requires an assessment of when litigation was anticipated, which is a determination not subject to a bright-line rule. Our court has long adopted a case by case approach. Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771, 774 (M.D. Pa. 1985). As recognized by the Third Circuit, "[p]rudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced." Martin v.

Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir.1993) (citing In re Grand Jury Proceedings, 604 F.2d 798, 803 (3d Cir.1979)). Thus, whether litigation was reasonably anticipated is a fact-dependent inquiry.

In our June 20, 2016 telephone conference with counsel, defense counsel maintained that the "store version" is not subject to discovery because it contains the mental impressions, conclusions, and opinions of the claims adjuster who made the entry. Further, defense counsel argued that the "store version" entry was made in anticipation of litigation thereby precluding its discovery under the work product doctrine. Plaintiffs' counsel posited that the entry is relevant and was not made in anticipation of litigation, but rather, was merely a part of the investigation into the facts of the incident.

Although the court lacks the necessary evidence to determine when the defendant's claims representative reasonably anticipated litigation, the court has reviewed the entire unredacted claims file with this standard in mind, and concludes that certain portions of the claims record were prepared in anticipation of litigation and should be protected. However, we have been asked only to compel disclosure of the "store

version" entry set forth on page 3 of 35 of the claims log. (Doc. 28-9 at 4). We have examined the record and find that the incident allegedly occurred on May 8, 2013 at approximately 9:50 a.m. The claims log setting forth the "store version" reflects that the entry was made on May 9, 2013 at 3:58 p.m. The representative had previously noted the results of telephone contacts with the defendant's assistant manger, Michael Huss and the plaintiff, Joan Natale. (Id. at 3). Those entries did not contain redactions. However, within minutes of speaking with Joan Natale, the claims representative appeared to undertake an analysis of potential litigation involving case assessment and evaluation. (Id. at 4). Those entries, in part, were clearly the mental impressions, opinions, and conclusions of the claims representative.

Nevertheless, the "store version" entry consists of two sentences. (Id.). The first sentence is clearly factual and the second sentence, consisting of three words, is conclusory. It appears likely that the "store version" entry was prepared in anticipation of litigation after reviewing the totality of the entries at the time. Nevertheless, the first sentence is simply a factual recitation of what was reported by Mr. Huss and we will direct that it be unredacted. However, the second sentence consisting of

three words shall remain redacted as it contains the mental impression and opinion of the claims representative

    An appropriate order follows.

                              */s/ Joseph F. Saporito, Jr.*
                              JOSEPH F. SAPORITO, JR.
                              U.S. Magistrate Judge

Dated: June 24, 2016